McBRIDE & COMPANY, plaintiffs in error, *vs.* T. T. BOHANAN, defendant in error.

An assignment by an insolvent debtor for the benefit of his creditors, provided they would take the property thereby conveyed in full satisfaction of their claims, is not binding on a creditor who refuses to accept the same.

Assignment. Debtor and creditor. Before Judge UNDERWOOD. Campbell Superior Court. August Term, 1873.

For the facts of this case, see the decision.

THOMAS W. LATHAM, by A. W. HAMMOND & SON, for plaintiffs in error.

MOBLEY & LESTER, by B. F. ABBOTT, for defendant.

WARNER, Chief Justice.

This case came before the Court below on a *certiorari* from a Justice's Court. After considering the grounds of error alleged in the *certiorari*, and the Justice's return thereto, the Court sustained the *certiorari* and ordered a new trial; whereupon, the defendant in *certiorari* excepted. It appears from the record that Brantly, an insolvent debtor, made an assignment on the 3d day of February, 1873, by deed, of certain goods, notes and accounts mentioned therein, to Bohanan, in trust, for the benefit of his creditors. Afterwards, McBride & Company, to whom Brantly was indebted on an account for $47 50, besides interest, sued out a summons of garnishment, and had the same served on Bohanan, requiring him to answer as to his indebtedness to Brantly, and what effects he had in his hands belonging to him.

Bohanan, in his answer to the summons of garnishment, denied all indebtedness, or that he had any property or effects in his hands belonging to Brantly; that the property in his hands which formerly belonged to Brantly he held by virtue of the said deed of assignment in trust for the benefit of his creditors. The plaintiffs in the garnishment traversed the defendant's answer, and, on the trial of the traverse, the plaintiffs in garnishment insisted that inasmuch as there was a memorandum on the back of the deed signed by Brantly stating that when the notes, accounts and goods specified in the deed of assignment should be collected and sold and realized on in cash, and the same applied to the payment of the debts of all his creditors, it should operate as an extinguishment of his entire indebtedness to all his creditors; and it was proved at the trial, as appears by the return of the Justice, that this memorandum on the back of the deed was a part of the original deed of assignment, though not dated or witnessed by any one. It was also proved on the traverse trial that Brantly had other property, not included in the deed of assignment, of the value of $2,500 00. Several of Brantly's creditors had given their consent, in writing, to the terms of the assign-

ment, but the plaintiffs in garnishment had not. The Justice gave judgment against the garnishee for the full amount of the plaintiffs' debt, with interest; and the question is, whether Bohanan was liable to have a judgment rendered against him as garnishee, on the foregoing statement of facts. The answer to that question depends on the validity of the deed of assignment, as against the plaintiffs, McBride & Company. By the 1952d section of the New Code, every assignment by an insolvent debtor of his property, in trust, or for the benefit of, or in behalf of his creditors, where any trust or *benefit* is reserved to the assignor, or any person for him, is void as against such creditors.

Brantly, the debtor, stipulated in the deed of assignment for a benefit to himself, to-wit: that it should operate as an extinguishment of his entire indebtedness to all of his creditors. The effect of his deed of assignment was to *dictate* his own terms to his creditors, or to *coerce* them to submit to his own terms. He conveyed a certain portion of his property described in the deed of assignment, for the benefit of his creditors, provided they would take that in satisfaction or extinguishment of all his indebtedness to them.

The benefit reserved to the assignor under such a deed of assignment is to have all his debts extinguished when the property assigned might not pay more than twenty-five cents in the dollar thereof. If the creditors consent to the terms of the assignment, then, as a matter of course, they would be bound thereby, but not otherwise. The question involved in this case was decided by this Court in *Miller vs. Conklin & Company,* 17 *Georgia Reports,* 430. In that case it was held that an assignment by a firm, in insolvent circumstances, of all their assets, for the use and benefit of such creditors as should, within ninety days, file their claims with the assignee and release the said firm from all liability therefor, was illegal and void as against objecting creditors. In our judgment, the Court erred in sustaining the *certiorari* and ordering a new trial.

Let the judgment of the Court below be reversed.